UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GARY LEE GRIGGS,

       Defendant.
_____/

Case No. 1:07-cr-22

HON. JANET T. NEFF

## **OPINION**

This matter is before the Court on Gary Lee Griggs' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 52). The Government has filed a detailed Response in Opposition (Dkt 54) on the basis that Griggs waived his right to file a § 2255 motion pursuant to his Plea Agreement, and regardless, his motion fails on the merits (Resp. 1). For the reasons stated by the Government, as discussed below, Griggs' motion is properly denied.

### **I. BACKGROUND**

Griggs was arrested[1] on December 12, 2006 by Grand Rapids Police Department detectives, who questioned him at a basketball game at Central High School after they received information that a spectator at the game had a gun. Detectives located three individually-wrapped rocks of crack cocaine and a loaded, 9 millimeter, 10-round magazine in Griggs' pants pocket. Griggs was asked if he possessed a firearm, and Griggs replied that he had passed the firearm to a friend as he entered

---

[1]Griggs was arrested on an outstanding warrant for Home Invasion and searched incident to his arrest. (PSIR at ¶ 21).

the gymnasium, because the school had metal detectors and he did not want to get caught with the firearm. (PSIR at ¶¶ 17-22.) Detectives subsequently determined that Griggs had a firearm on his person at the basketball game, but managed to drop it under the bleachers when he saw the detectives. The firearm then was retrieved by a friend. Griggs later confirmed this information during his presentence interview. (PSIR at ¶ 24.)

Griggs ultimately was charged in a three-count Indictment with felony offenses: Count One—possession with intent to distribute more than five grams of cocaine base; Count Two—possession with intent to distribute more than five grams of cocaine base in a public secondary school; and Count Three—possession of ammunition by a convicted felon. (Dkt 1, Indictment).

On October 10, 2007, the United States filed an Information and Notice of Prior Felony Drug Convictions ("Notice"), pursuant to 21 U.S.C. § 851, informing Griggs of enhanced penalties for Counts One and Two based on his two prior felony drug convictions (Dkt 22, Notice). As set forth in the Notice, and in the Presentence Investigation Report, Griggs had an April 20, 2004 conviction for possession of a narcotic/cocaine less than 25 grams, and a February 8, 2006 conviction for delivery/manufacturing of a controlled substance less than 50 grams. (*id.* at ¶ 2; *see also* PSIR at ¶¶ 59, 62.) As stated in the Government's Response, Griggs' prior felony convictions subjected him to potential life imprisonment:

> Griggs had an April 20, 2004 conviction for possession of a narcotic/cocaine less than 25 grams, and a February 8, 2006 conviction for delivery/manufacturing of a controlled substance less than 50 grams. (R. 22: Notice at ¶ 2; *see also* PSIR at ¶¶ 59 and 62.) These two prior felony drug convictions, therefore, subjected Griggs to increased penalties if convicted of either Count One or Count Two of the Indictment. *See* 21 U.S.C. §§ 841(b) and 860(a). Consequently, since the Section 851 Notice was filed, Griggs's mandatory minimum for Count One would have increased from five years to 10 years, and his maximum sentence would have increased from 40 years

2

to life. As for Count Two, generally a person convicted of possession with intent to distribute a controlled substance on the real property of a public secondary school faces "(1) twice the maximum punishment authorized by 841(b) . . . and (2) at least twice any term of supervised release authorized by section 841(b) . . . ." *See* 21 U.S.C. § 860(a). Consequently, Griggs's conviction on Count Two for violating 21 U.S.C. § 860 subjected him to a mandatory minimum of 10 years (instead of five), a maximum of 80 years (instead of 40), a fine of $4,000,000 (instead of $2M), and supervised release of "at least eight years" (instead of "at least four years"). *See* 21 U.S.C. §§ 860(a) and 841(b)(1)(B). However, because Griggs had "two or more prior convictions for a felony drug offense" that had become final, Griggs' conviction on Count Two subjected him to be "sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence." *See* 21 U.S.C. § 841(b)(1)(A) (emphasis added). Therefore, because Griggs had two prior felony drug convictions, and because the United States provided him with Notice of his two prior felony convictions, pursuant to 21 U.S.C. § 851, Griggs faced a statutorily mandated term of "life" in prison upon his conviction on Count Two.

(Gov't Resp. at 3-4; Dkt 22, Notice)

Griggs entered into a written Plea Agreement, which required him to plead guilty to Count Two of the Indictment (Dkt 30, Plea Agreement at ¶ 1). Griggs acknowledged that his conviction on Count Two carried a mandatory sentence of life in prison without the possibility of parole, based on his two prior felony drug convictions (*id.* at ¶ 3). The United States agreed to a binding sentencing range of 240 to 300 months (20 to 25 years) in prison in exchange for Griggs' promise of continued cooperation and his waiver of his right to file a direct appeal or collaterally attack his conviction or sentence (*id.* at ¶¶ 3, 7E, 8, 10). Specifically, paragraph 10 of the Plea Agreement states:

> <u>Waiver of Appeal and Collateral Attack</u>. The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, including but not limited to the 300-month sentence cap. *The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28,*

3

> *United States Code, § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence).* This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

(Dkt 30, Plea Agreement at ¶ 10 (emphasis added)).

On November 21, 2007, pursuant to the Plea Agreement, Griggs pled guilty to Count Two of the Indictment, possession with intent to distribute cocaine base on real property of a public secondary school in violation of 21 U.S.C. § 860 (Dkts 33-34). On July 25, 2008, he was sentenced to 252 months imprisonment followed by 8 years of supervised release and, a Judgment was entered on July 28, 2008. 21 U.S.C. § 860, 841(a)(1) and (b)(1)(B)(iii). (Dkt 45 at 1.) Griggs did not appeal the Judgment. On July 16, 2009, Griggs filed this Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

In support of his motion, Griggs argues that the "21 U.S.C. § 841(b)(1)(A) and § 851 enhancement" was unconstitutionally applied to his sentence pursuant to the United States Sentencing Guidelines (U.S.S.G.) Manual "4B1.2, CMT application N.1" (Def's. Mem. 1). He seeks relief in the form of resentencing on the ground that his counsel was ineffective for failing to challenge the Government's use of prior convictions that did not meet "the 4B1.1 requirements" (Def's. Mem. 7).

### A. Waiver Pursuant to Plea Agreement

The Government opposes Griggs' motion on the grounds that Griggs expressly waived his right to collaterally attack his sentence under § 2255 in exchange for a binding sentencing cap pursuant to his Plea Agreement. The Court agrees and finds no basis for holding the waiver invalid under the circumstances of this case. A review of the record and Griggs' colloquy with the

4

Magistrate Judge in entering his guilty plea to Count Two reflects that his § 2255 waiver was knowing and voluntary.

To the extent that Griggs has alleged that he is entitled to challenge his sentence under § 2255 on the grounds of ineffective assistance of counsel, the Court finds no basis for his claim of ineffective assistance. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense so as to render the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As discussed below with respect to the merits of Griggs' claim, Griggs' challenge to the sentencing enhancement is without basis. Accordingly, any such a challenge by defense counsel would have been meritless. Counsel cannot be found "ineffective" for failing to file a meritless objection at sentencing, or a direct appeal when a defendant knowingly waived his right to appeal. *See Chapman v. United States,* 74 Fed. App'x 590, 593 (6th Cir. 2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation."); *see also Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986).

### B. Griggs' Claims are without Merit

The basis of Griggs' § 2255 challenge is that he was unconstitutionally sentenced as a "career offender" (Def's. Mem. 2). As the Government points out, however, Griggs' guideline of "life" in prison was based not on the career offender provisions set forth in Section 4B1.1 of the Sentencing Guidelines, but instead on the statutory provisions of 21 U.S.C. § 841(a)(1). Because Griggs had two prior drug felony convictions and because he was convicted of 21 U.S.C. § 860—possession with intent to distribute drugs in a school—his sentence became a "mandatory term

5

of life imprisonment without release" pursuant to 21 U.S.C. § 841(b)(1)(A).[2] (Dkt 22, Notice at 3-4; Dkt 30, Plea Agreement at ¶ 3.) The Government additionally correctly states that regardless whether Griggs was a "career offender," because the United States filed Notice of his two prior felony drug convictions, pursuant to 21 U.S.C. § 851, Griggs' statutory sentence of "life" becomes his guideline sentence, and thus, his argument is both factually incorrect and moot. *See* U.S.S.G. § 5G1.1. Griggs has failed to show that his sentence enhancement was unconstitutional.

### III. CONCLUSION

Based on the record, and for the reasons stated, Griggs waived his right to the instant collateral attack on his sentence under § 2255, and in any event, the challenge fails on the merits. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 52) is DENIED.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Griggs. RULES GOVERNING § 2255 CASES, Rule 11. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[2]The Government states that had Griggs been sentenced as a "career offender," pursuant to U.S.S.G. § 4B1.1, his Base Offense Level would have been Level 36 (versus Level 26), and his Criminal History would have remained unchanged at Category VI (Resp. at 16). *See* U.S.S.G. § 4B1.1(b)(A).

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The Court determines that this standard is not met because reasonable jurists could not find it debatable whether Griggs' waived his right to recourse under § 2255.

Similarly, with regard to a decision on the merits of a claim, to warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Griggs' career-offender-sentence-enhancement and ineffective-assistance-of-counsel claims debatable or wrong.

As such, a certificate of appealability is DENIED.

An Order consistent with this Opinion will enter.


DATED: May 3, 2010                         /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge